UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JAIME A. DAVIDSON,

                          Petitioner,

            - against -

MERRICK GARLAND, in his official capacity
as Attorney General, MICHAEL CARVAJAL,
in his official capacity as Director of the
Federal Bureau of Prisons, and the WARDEN,
in his official capacity as Warden of the
Metropolitan Detention Center Brooklyn,[1]

                         Respondents.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-746 (PKC)

PAMELA K. CHEN, United States District Judge:

On February 11, 2021, Petitioner Jaime A. Davidson, while incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, filed a petition requesting that the Court order Respondents to "immediately release him to home confinement." (Petition, Dkt. 1, at ECF[2] 2.)  On February 12, 2021, the Court, construing Davidson's request as a motion for a temporary restraining order, denied the request, directed the government to file a response, and

---

[1] The Court notes that the docket in this matter identifies Petitioner as "James A. Davison," whereas the Petition identifies him as "Jaime A. Davidson," and that the docket also incorrectly identifies Defendant Carvajal as both Director of the Bureau of Prisons and Warden of the Metropolitan Detention Center.  The Court respectfully directs the Clerk of Court to change the docket to reflect the name of the Petitioner as "Jaime A. Davidson," to change the position of Defendant Carvajal as "Director of the Federal Bureau of Prisons" *only*, and to add a third respondent as the unnamed Warden of the Metropolitan Detention Center.  The Court further respectfully directs the Clerk of Court to substitute Merrick Garland, in his official capacity as Attorney General, for Monty Wilkinson, in his official capacity as former Acting Attorney General.  *See* Fed. R. Civ. P. 25(d).

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

scheduled a telephone conference with the parties. (*See* 2/12/2021 Docket Order.) During a conference with the parties on February 19, 2021, the parties were directed to submit additional briefing. (*See* 2/19/2021 Minute Entry and Order.) On March 18, 2021, after the Petition was fully briefed, but not yet decided, the government notified the Court that Davidson had been transferred from the MDC to the U.S. Penitentiary in Lewisburg, Pennsylvania. (*See* 3/18/2021 Gov't Letter, Dkt. 11, at 1.)

Davidson petitions the Court to return him to home confinement because of alleged "lapses in safety and best practices at the MDC" creating "the kind of unsafe conditions of confinement that put inmates, especially those with health conditions like [him], at risk of contracting COVID or worse." (2/26/2021 Petitioner Letter, Dkt. 7, at 3–4.) However, the Court finds that because Davidson is no longer in custody at the MDC, and therefore no longer exposed to the allegedly "unsafe conditions" that form the basis of his claim, the Court is without authority to decide the Petition, and accordingly denies it as moot. *See Coston v. U.S. Att'y Gen.*, No. 13-CV-4440 (PKC), 2018 WL 1221120, at *4 (E.D.N.Y. Mar. 8, 2018). As the Court explained in *Coston*:

> Where a prisoner challenges the conditions of confinement and seeks injunctive relief, the claim becomes moot when the prisoner is transferred out of the facility in question. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008). This is because the prisoner loses personal stake in the claim and the Court cannot provide any injunctive relief to the prisoner. Thus, where a prisoner is no longer in the facility, the Court lacks subject-matter jurisdiction over his conditions of confinement claim. *See id.* (finding "moot" [28 U.S.C.] § 2241 claims about prison conditions, *i.e.*, not being provided kosher food or access to the prison library, once petitioner was transferred out of the facility); *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("Salahuddin is presently incarcerated in Oneida Correctional Facility, which is not one of the prison facilities in which the actions complained of here occurred, and therefore we hold moot all injunctive and declaratory claims against [the relevant] defendants").

2018 WL 1221120, at *4. So too here, now that Davidson is no longer in custody at the MDC, the Court lacks subject-matter jurisdiction over his Petition seeking injunctive relief.[3] His Petition is therefore denied.

Even assuming, *arguendo*, that the Petition is not moot and that the Prison Litigation Reform Act ("PLRA") does not bar Petitioner's suit,[4] the Court would deny it, based on the circumstances of this case. The Court does not find that conditions at the MDC warrant his release to home confinement. In May 2020, the Bureau of Prisons ("BOP") exercised its authority to place Davidson in a Brooklyn Residential Reentry Center ("RRC"), apparently as part of an effort to reduce the prison population during the COVID-19 pandemic and as part of Davidson's reentry plan, but not on the basis of a particular health risk faced by Davidson, who is 33 years old and relatively healthy.[5] (*See* 2/18/2021 Gov't Letter, Dkt. 5, at 2–3; 3/5/2021 Gov't Letter, Dkt. 10, at 2–4 (citing and quoting Davidson's BOP records).) On November 24, 2020, Davidson violated the RRC's explicit prohibition against consuming alcohol, and on November 25, 2020, was

---

[3] Davidson argues that the Court should end his confinement at the MDC and return him to home confinement based on "the *combination* of the conditions at [the] MDC, [his] existing health issues [which] put him at a grave risk of COVID-19, and [because] under those circumstances[,] the decision to return him to the MDC was grossly disproportional to his violation of the terms of home confinement." (2/26/2021 Davidson Letter, Dkt. 7, at 1 (emphasis added).) Because Davidson's argument that his transfer to the MDC was a "grossly disproportional" sanction turns on his argument that conditions at the MDC were unsafe, for the reasons already explained, the Court will not address that argument now that Davidson is no longer in custody at the MDC.

[4] Because the Court finds that the Petition is moot, the Court declines to reach the question of whether the PLRA would, as the government urges (*see* 3/5/2021 Gov't Letter, Dkt. 10, at 1–2), bar Petitioner's suit.

[5] Although Davidson describes himself as suffering from hypertension and asthma, as well as needing "continuous physical therapy" due to a spinal fusion surgery in 2018 (*see* 2/26/2021 Davidson Letter, Dkt. 7, at 2), a review of his BOP medical records, which were filed under seal by the government, suggests that his conditions are mild and/or managed (*see generally* Dkt. 4-1 (Davidson's BOP medical records filed under seal)).

transferred to the MDC following a hearing conducted by the RRC's Center Disciplinary Committee, at which Davidson waived his right to present evidence or to have a staff member represent him, and admitted to the violation. (*See* 2/18/2021 Gov't Letter, Dkt. 5, at 3–4.) On January 7, 2021, Davidson was informed of his right to appeal the sanctions against him to the BOP regional director; however, the BOP has no record of Davidson filing such an appeal. (*Id.* at 4.) Though a spike in COVID-19 infections occurred after Davidson's return to the MDC, that spike mirrored the spike in the community and the conditions at the MDC were (and remain) not such that they would warrant Davidson's release—the majority of inmates who tested positive for the virus have recovered,[6] and the evidence regarding Davidson's age and health status have not convinced the Court that he is at an increased risk of suffering more serious consequences from the virus. (*See* 2/18/2021 Gov't Letter, Dkt. 4, at 2, 9 (filed under seal without redactions); 3/5/2021 Gov't Letter, Dkt. 9, at 3–4 (same).)[7, 8]

---

[6] The April 13, 2021 report from the BOP regarding the MDC's and the Metropolitan Correctional Center's response to the COVID-19 pandemic indicates that of the 395 inmates who tested positive for COVID-19, out of 7,735 inmates tested, 395 inmates have recovered. *See* Apr. 13, 2021 Letter to Chief Judge Margo K. Brodie, *available at* https://www.nyed.uscourts.gov/pub/bop/20210414_BOP_Report.pdf (last viewed Apr. 15, 2021).

[7] Because the government's letters and exhibits cite and contain sensitive information about Davidson's health status, the Court permitted the government to file versions of its letters and exhibits under seal. (*See* 3/8/2021 Docket Order.)

[8] The Court also deems Davidson as having abandoned his original due process claim following the conference on his motion on February 19, 2021, at which the parties discussed the process that Davidson, in fact, was afforded in connection with his RRC violation. At the conference, the Court directed Davidson to reformulate his argument in light of this fact (*see* 2/19/2021 Minute Entry and Order); Davidson's subsequent submission does not reference any due process claim (*see generally* Dkt. 7).

4

## CONCLUSION

The Petition seeking injunctive relief is denied as moot.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 15, 2021
Brooklyn, New York